ROBERT J. LINDSAY, Appellant, v. CITY OF LOS ANGELES (a Municipal Corporation), Respondent.

Wilson & Snow for Appellant.

Jess E. Stephens, City Attorney, and Herman Mohr and Milton Bryan, Deputies City Attorney, for Respondent.

PRESTON (H. L.), J., *pro tem.*—Plaintiff, Robert J. Lindsay, brought this action against the City of Los Angeles to establish the boundaries of certain property owned by

him in the City of Los Angeles, and also for damages for an alleged trespass thereon.

The case was tried by the court sitting without a jury, and judgment was entered in favor of the defendant, City of Los Angeles. From this judgment the plaintiff prosecutes this appeal.

The plaintiff and appellant is the owner of certain real property in the City of Los Angeles particularly described as lots 10 and 11 of ''Fellowship Heights Tract No. 2,'' according to the official map of said tract, recorded in the office of the county recorder of Los Angeles County. On September 24, 1906, the city council of the City of Los Angeles accepted and approved a map of said ''Fellowship Heights Tract No. 2,'' which showed thereon certain streets, including one known as ''Fellowship Park Way.'' This street is ten feet wide and was dedicated for public use according to said official map and accepted by the City of Los Angeles on or about September 25, 1906.

The controversy in this action is over the northerly boundary line of ''Fellowship Park Way,'' which is also the southerly boundary, or property line, of appellant's property.

About twenty years after the city accepted the dedication of said ''Fellowship Park Way,'' the engineers for the City of Los Angeles made a survey of said street preliminary to letting a contract for the improvement of the same, and discovered that appellant had constructed a stone wall extending into said street a distance of more than two feet from the northerly boundary thereof, and a fence extending in both directions from the southerly end of said stone wall in said street the full length of appellant's property.

The exact location of the boundary line between said street and said lots 10 and 11 is the precise question involved in this appeal; appellant contending that the fence which he constructed south of his property correctly marks said boundary line, while the City maintains, and the court found, that said fence is entirely within said street.

The appellant contends that the court erred in finding that the respondent's survey correctly established the northerly boundary of said street (Fellowship Park Way). This contention rests solely upon the accuracy of the indicated length of the division line between said lots 10 and

11, as appears on the recorded map of said "Fellowship Heights Tract No. 2," a copy of which map was received in evidence. The recorded map discloses that the division line between said lots 10 and 11 is marked thereon as "40.00," indicating that it is forty feet in length. It appears that appellant relied upon the accuracy of said indicated length of said line, as measured from the northerly exterior boundary of said subdivision and constructed his fence forty feet southerly from said point in said northerly exterior boundary line; said fence extending in both directions therefrom.

There is abundant evidence in the record to support the court's findings that the indicated length of said division line between lots 10 and 11 is erroneous and that said division line is approximately thirty-seven feet in length, and not forty feet as indicated on the map.

The only evidence that appellant introduced in support of his contention that said division line between lots 10 and 11 is forty feet in length was the figures "40.00" marked beside said line on said recorded map.

That this line is only approximately thirty-seven feet in length seems to be almost conclusively established by other established bearings and distances constituting a complete survey of "Fellowship Heights Tract No. 2," of which appellant's property is a part, and also by the testimony of surveyors who actually made the survey of the street in dispute. We think, therefore, that the court was amply justified in finding that the division line between said lots 10 and 11 is approximately thirty-seven feet, and that appellant's wall and fence are both within the street.

This case, in its last analysis, presents only a conflict in the evidence, and the findings of the trial court upon conflicting evidence are conclusive upon this court.

The judgment is affirmed.

Finch, P. J., and Plummer, J., concurred.